O’SCANNLAIN, Circuit Judge,
dissenting:
I respectfully dissent. Neither the district court nor any of the parties disputes that the government has seized non-contraband property in this case. As such, Gladding has met his burden of demonstrating that some of his seized prdperty is not contraband. Moreover, it is unrealistic to expect Gladding to remember which of his tens of thousands of files are non-contraband and identify them for the government. For that reason, Gladding has requested a directory of the hard drives, but the government has refused to provide one. Nothing in our precedents requires a Rule 41(g) movant to identify the relevant non-contraband computer files, yet the majority holds Gladding to this impossible standard.
Because Gladding has met all three factors that we consider for granting a Rule 41(g) motion, see United States v. Van Cauwenberghe, 827 F.2d 424, 433 (9th Cir.1987), he “is presumed to have the right to the return of his property.” United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993). Furthermore, I do not believe that his non-contraband property is forfeited under 18 U.S.C. § 2253, an issue which the majority does not reach today.
In the past, we have required the government to turn over non-contraband computer files. See United States v. Comprehensive Drug Testing, Inc., 621 F.3d 1162, 1172-75 (9th Cir.2010) (en banc). We should have done the same here. I would reverse the district court and order the government to return Gladding’s non-contraband computer files.